**EXHIBIT 1**

Order 9-25/26
Passage: 6-3 (Councilor Ali, Phillips, & Mayor Dion-Opposed), as amended on 8/11/2025
Amendment#1-Motion to amend "Pelletier Amendment #1" RE: Business Impact" Passage: 5-4 (Councilor Ali, Michniewicz, Phillips, Dion-Opposed)
Amendment#2- Motion was made by Mayor Dion and seconded by Councilor Pelletier to amend. "Dion Amendment #2 RE: Effective Date. The amendment is in the backup material Amendment Passed 8-1 (Councilor Phillips Opposed)

Effective: 9/10/2025

MARK DION (MAYOR)
PIOUS ALI (A/L)
APRIL D. FOURNIER (A/L)
BENJAMIN GRANT (A/L)

**CITY OF PORTLAND**
IN THE CITY COUNCIL

SARAH MICHNIEWICZ (1)
WESLEY PELLETIER (2)
REGINA L. PHILLIPS (3)
ANNA BULLETT (4)
KATE SYKES (5)

## ORDER ESTABLISHING A 180-DAY MORATORIUM ON THEATER AND PERFORMANCE HALL PROJECTS WITH A CAPACITY EXCEEDING 2000 PEOPLE IN THE CITY OF PORTLAND

**WHEREAS,** land development, tourism and commerce on Portland's Downtown Peninsula have resulted in significant and demonstrable parking pressure, which has in turn created hardships for members of the public and commercial enterprises; and

**WHEREAS,** increased traffic before and after large events at theaters and performance halls are known to cause unsafe road conditions and strain parking resources; and

**WHEREAS,** as set forth in Table 18-A of the City of Portland Land Use Code, there are no parking minimums for theaters and performance halls, regardless of the anticipated capacity, and this issue requires further study and potential amendments to the Land Use Code in order to protect the public welfare and safety and prevent overburdening of public parking facilities; and

**WHEREAS,** section 14.6.8.14 of the City's Land Use Code only requires a 100-foot buffer in the B-3 and WCZ zones between businesses with entertainment licenses; and

**WHEREAS,** the City's Land Use Code does not require a larger buffer between large theaters and performance halls, which should be considered to protect public safety and ensure that these venues are not clustered and do not overburden public infrastructure and city services or create unsafe road conditions for pedestrians, bicycles and vehicles; and

**WHEREAS,** a larger buffer should also be considered to prevent serious public harm to the creative economy, character, and vitality of the City's downtown region and ensure existing venues are not displaced, jobs at those venues are not lost, and the unique character of Portland's arts community and its accessibility for all residents is not eroded; and

**WHEREAS,** along with a proposed development project's end use and impact on Portland's economy, the City must also consider the employment and workforce development opportunities that the construction of that project would and could have on Portland's diverse workforce, including the establishment of labor standards related to health and safety, wages, benefits, registered apprenticeship participation, and local and diverse employment benchmarks; akin to those established in partnership with local labor unions; and

**WHEREAS,** an immediate temporary 180-day prohibition on approvals of new large theaters and performance halls is necessary in order to allow the City time to review and amend the City Code as necessary to prevent an overburdening of city services and public parking and other facilities, and to ensure safe traffic patterns for pedestrians, bicyclists and vehicles; and

**WHEREAS,** an immediate temporary 180-day prohibition on approvals of new large theaters and performance halls is necessary in order to allow the City time to review and amend the City Code as necessary to prevent development that is incompatible and harmful to the local creative economy, character and vitality of the City's downtown; and

**WHEREAS,** in the judgment of the City Council for the City of Portland, these facts justify a moratorium under 30-A M.R.S. § 4356(1) (A) and (B) and create an emergency under the City Charter, and require the following Moratorium as immediately necessary to prevent an overburdening of public facilities and for the preservation of the public health, safety and welfare; and

**NOW, THEREFORE,** pursuant to its authority in 30-A M.R.S. §§ 3001 and 4356, and notwithstanding the provisions of 1 M.R.S. § 302, the Portland City Council hereby ordains that a Moratorium shall be applied retroactively, to December 1, 2024, on any and all proceedings, applications, petitions, and approvals required under the City's Land Use Code that were or have been pending before any officer, board, or agency of the City on or any time after December 1, 2024 for the development of new theaters or performance halls with a capacity exceeding 2000 people; and,

**BE IT ORDERED,** that that no permit applications for any new theaters or performance halls with a capacity exceeding 2000 people shall be accepted, processed, reviewed, or approved by the City or the Planning Board for the period of this Moratorium; and

**BE IT FURTHER ORDERED,** that those provisions of the City's Land Use Code that are inconsistent or conflicting with the provisions of this Moratorium, are hereby repealed to the extent that they are applicable for the duration of this Moratorium, but not otherwise; and

**BE IT FURTHER ORDERED,** that during the time that this Moratorium is in effect, the City's Housing and Economic Development Committee shall review the City Code, including, but not limited to, Chapters 4, 6, 14, and 15 and develop amendments for consideration by the Planning Board and City Council to address the concerns addressed in this Moratorium; and

**BE IT FURTHER ORDERED,** that this Moratorium shall remain in effect until the earlier of the effective date of amendments to the City Code adopted pursuant to this

Moratorium or March 9, 2026, unless extended, repealed, or modified by the Portland City Council; and

**BE IT FURTHER ORDERED,** that to the extent any provision of this Moratorium is deemed invalid by a court of competent jurisdiction, the balance of the Moratorium that shall remain shall be considered valid.

**AMENDMENT #1 TO ORDER 9-25/26**
**PREPARED BY CORPORATION COUNSEL**
**FOR COUNCILOR WESLEY PELLETIER**
**RE: BUSINESS IMPACT**

***

**WHEREAS,** land development, tourism and commerce on Portland's Downtown Peninsula have resulted in significant and demonstrable parking pressure, which has in turn created hardships for members of the public and commercial enterprises; and

**WHEREAS,** increased traffic before and after large events at theaters and performance halls are known to cause unsafe road conditions and strain parking resources; and

**WHEREAS,** as set forth in Table 18-A of the City of Portland Land Use Code, there are no parking minimums for theaters and performance halls, regardless of the anticipated capacity, and this issue requires further study and potential amendments to the Land Use Code in order to protect the public welfare and safety and prevent overburdening of public parking facilities; and

**WHEREAS,** section 14.6.8.14 of the City's Land Use Code only requires a 100-foot buffer in the B-3 and WCZ zones between businesses with entertainment licenses; and

**WHEREAS,** the City's Land Use Code does not require a larger buffer between large theaters and performance halls, which should be considered to protect public safety and ensure that these venues are not clustered and do not overburden public infrastructure and city services or create unsafe road conditions for pedestrians, bicycles and vehicles; and

**WHEREAS,** a larger buffer should also be considered to prevent serious public harm to the creative economy, character, and vitality of the City's downtown region and ensure existing venues are not displaced, jobs at those venues are not lost, and the unique character of Portland's arts community and its accessibility for all residents is not eroded; and

**WHEREAS,** along with a proposed development project's end use and impact on Portland's economy, the City must also consider the employment and workforce development opportunities that the construction of that project would and could have on Portland's diverse workforce, including the establishment of labor standards related to health and safety, wages, benefits, registered apprenticeship participation, and local and diverse employment benchmarks; akin to those established in partnership with local labor unions; and

**WHEREAS,** an immediate temporary 180-day prohibition on approvals of new large theaters and performance halls is necessary in order to allow the City time to review and amend the City Code as necessary to prevent an overburdening of city services, public parking and other facilities, and to ensure safe traffic patterns for pedestrians, bicyclists and vehicles; and

**WHEREAS,** an immediate temporary 180-day prohibition on approvals of new large theaters and performance halls is necessary in order to allow the City time to review and amend the City Code as necessary to prevent development that is incompatible and harmful to the local creative economy, character and vitality of the City's downtown; and

**WHEREAS,** in the judgment of the City Council for the City of Portland, these facts justify a moratorium under 30-A M.R.S. § 4356(1) (A) and (B) and create an emergency under the City Charter, and require the following Moratorium as immediately necessary to prevent an overburdening of public facilities and for the preservation of the public health, safety and welfare; and

***

**AMENDMENT #2 TO ORDER 9-25/26**
**PREPARED BY CORPORATION COUNSEL**
**FOR MAYOR MARK DION**
**RE: EFFECTIVE DATE**

***

**BE IT FURTHER ORDERED,** that this Moratorium shall remain in effect until the earlier of the effective date of amendments to the City Code adopted pursuant to this Moratorium or ~~February~~ March 9, 2026, unless extended, repealed, or modified by the Portland City Council; and

***